**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **No. 2:10 CR 210** |
| | ) | **(No. 2:13 CV     )** |
| **MANUEL FRUTOS MENDOZA** | ) | |

## <u>OPINION and ORDER</u>

On February 7, 2011, Mendoza pleaded guilty to one count of re-entering the

United States after having been removed as an alien in violation of 8 U.S.C. § 1326. (DE

# 13.) On July 26, 2011, this court sentenced Mendoza to 64 months imprisonment

followed by a 3-year term of supervised release. (DE # 26.) On July 11, 2012, Mendoza

moved pursuant to 28 U.S.C. § 2255, asking the court to modify his sentence. (DE # 32.)

The court denied this petition. (DE # 33.) On January 14, 2013, Mendoza filed another

request seeking resentencing. (DE # 36.) The court dismissed this request as a successive

§ 2255 petition over which the court lacked jurisdiction. (DE # 37.) Now Mendoza has

moved for relief from his sentence yet again. (DE # 38.) This time, Mendoza has styled

his filing as a request for relief pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b).

(*Id.*) In this filing, Mendoza claims that the United States Sentencing Guidelines were

improperly applied in his case. (*Id.*)

Mendoza's newest motion is actually a request for relief under § 2255. The fact

that Mendoza labeled his motion as a request for relief under RULE 60(b) rather than

§ 2255 is immaterial; it is the substance of the petitioner's motion that controls how his

request for relief shall be treated. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir.

2007); *United States v. Lloyd,* 398 F.3d 978, 979-80 (7th Cir. 2005). Any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of § 2255 should be treated as a § 2255 motion. *United States v. Evans,* 224 F.3d 670, 672 (7th Cir. 2000); *see also Lloyd,* 398 F.3d at 980. The statute's opening paragraph permits a federal prisoner to file a motion to have his sentence vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Mendoza seeks relief from his sentence on the very types of grounds identified in § 2255. Thus, although styled as a motion invoking RULE 60(b), Mendoza's motion is properly understood as a request for relief pursuant to § 2255.

Because Mendoza's most recent filing is a request for § 2255 relief, it is subject to the requirement that second or successive motions under the statute must be authorized by the Court of Appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Unless and until Mendoza seeks and obtains permission from the Court of Appeals to file such a motion, this court is without jurisdiction to entertain his request. *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). It is undisputed that Mendoza did not seek such authorization.

Accordingly, the Clerk is directed to: (1) docket Mendoza's motion (DE # 38) as a new (successive and third) § 2255 proceeding; and (2) immediately **ENTER FINAL JUDGMENT** in that proceeding stating that it is **DISMISSED FOR WANT OF**

**JURISDICTION.** For the reasons given herein, Mendoza has not made a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.

<div align="center">

**SO ORDERED.**

</div>

Date: December 16, 2013

<div style="margin-left: 40%;">

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

</div>